**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQP DEVELOPMENT, LLC,**<br>　　　　*Plaintiff*,<br>　　　　　　v.<br><br>1. **CATERPILLAR INC.;**<br>2. **GENERAL ELECTRIC CAPITAL**<br>　　**CORPORATION**<br>3. **GENERAL ELECTRIC CAPITAL**<br>　　**SERVICES, INC.**<br>4. **GENERAL ELECTRIC COMPANY;**<br>5. **THE BOEING COMPANY;**<br>6. **THE DOW CHEMICAL COMPANY;**<br>7. **PEPSICO, INC.;**<br>8. **SAFEWAY INC.**<br>　　　　*Defendants*, | **Civil Action No. 2:11-cv-396**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which TQP Development, LLC ("TQP") makes the following allegations against Caterpillar Inc., General Electric Capital Corporation, General Electric Capital Services, Inc., General Electric Company, The Boeing Company, The Dow Chemical Company, PepsiCo, Inc., and Safeway Inc. (collectively, "Defendants"):

### PARTIES

1.　　Plaintiff TQP Development, LLC is a Texas limited liability company having a principal place of business of 207C North Washington Street, Marshall, Texas 75670.

2.　　On information and belief, Defendant Caterpillar Inc. ("Caterpillar") is a Delaware corporation with its principal place of business at 100 NE. Adams Street,

Peoria, Illinois 61629.  Caterpillar has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

3.     On information and belief, Defendant General Electric Capital Corporation ("GE Capital") is a Delaware corporation with its principal place of business at 901 Main Avenue, Norwalk, CT 06851.  GE Capital has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

4.     On information and belief, Defendant General Electric Capital Services, Inc. ("GE Capital Services") is a Delaware corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.  GE Capital Services has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

5.     On information and belief, Defendant General Electric Company ("GE") is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828.  GE has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

6.     On information and belief, Defendant Safeway Inc., ("Safeway") is a Delaware corporation with its principal place of business at 5918 Stoneridge Mall Rd., Pleasanton, CA 94588.  Safeway has appointed United States Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808 as its agent for service of process.

7.     On information and belief, Defendant The Boeing Company ("Boeing") is a Delaware corporation with its principal place of business at 100 N. Riverside Plaza,

Chicago, Illinois 60606.   Boeing has appointed Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808 as its agent for service of process.

8.      On information and belief, Defendant The Dow Chemical Company ("Dow") is a Delaware corporation with its principal place of business at 2030 Dow Center, Midland, Michigan 48674.  Dow has appointed The Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801 as its agent for service of process.

9.      On information and belief, Defendant PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, NY 10577.   PepsiCo has appointed CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, North Carolina 27601 as its agent for service of process.

## JURISDICATION AND VENUE

10.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

12.      On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business,

engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,412,730**

13.     Plaintiff is the owner by assignment of United States Patent No. 5,412,730 ("the '730 Patent") entitled "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys." The '730 Patent issued on May 2, 1995.  A true and correct copy of the '730 Patent is attached as Exhibit A

14.     Upon information and belief, Defendant Caterpillar has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Caterpillar websites (including, without limitation to, myaccount.cataccessaccount.com) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when Caterpillar and/or Caterpillar's customers connect to Caterpillar's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link.  Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method.  In order to communicate with encrypted portions of Caterpillar's website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption

algorithm under the direction of the host server. Caterpillar provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data.  Caterpillar generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  Caterpillar encrypts data for transmission from the host server to the client.  In addition, Caterpillar directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link.  Caterpillar generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  Caterpillar decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer.  By virtue of performing each step of the claimed method, Defendant Caterpillar is directly infringing the '730 Patent.  In addition, by virtue of performing some steps and directing

and/or controlling others to perform the remaining steps, Defendant Caterpillar is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents.  Defendant Caterpillar is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

15.     Upon information and belief, Defendant GE Capital has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various GE Capital websites (including, without limitation to, www.gemoneycards.com; businesscenter.gemoney.com; www.statementlook.com; www.gefleet.com; www.gecas.com;) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when GE Capital and/or GE Capital's customers connect to GE Capital's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link.  Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of GE Capital's website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. GE Capital provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. GE Capital

generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  GE Capital encrypts data for transmission from the host server to the client.  In addition, GE Capital directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. GE Capital generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  GE Capital decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant GE Capital is directly infringing the '730 Patent.  In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant GE Capital is directly infringing, literally infringing, and/or infringing the '730 Patent under the

doctrine of equivalents. Defendant GE Capital is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

16.     Upon information and belief, Defendant GE Capital Services has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various GE Capital Services websites (including, without limitation to, www.gemoneycards.com; businesscenter.gemoney.com;          www.statementlook.com;          www.gefleet.com; www.gecas.com;) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when GE Capital Services and/or GE Capital Services' customers connect to GE Capital Services' website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link.  Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of GE Capital Services' website, client computers must agree to an encryption algorithm or protocol. Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. GE Capital Services provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. GE Capital Services generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or

numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  GE Capital Services encrypts data for transmission from the host server to the client.  In addition, GE Capital Services directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. GE Capital Services generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  GE Capital Services decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant GE Capital Services is directly infringing the '730 Patent.   In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant GE Capital Services is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant GE Capital Services is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

17.     Upon information and belief, Defendant GE has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various GE websites (including, without limitation to, www.gemoneycards.com; businesscenter.gemoney.com; www.statementlook.com; www.gefleet.com; www.gecas.com;) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when GE and/or GE's customers connect to GE's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link.   Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of GE's website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. GE provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. GE generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic

of the data being transmitted over said link.  GE encrypts data for transmission from the host server to the client.  In addition, GE directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. GE generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  GE decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant GE is directly infringing the '730 Patent.  In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant GE is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant GE is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

18.    Upon information and belief, Defendant Boeing has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Boeing websites (including, without limitation to, suppliers.boeing.com and bpn.boeing.com) for

transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.   For example, when Boeing and/or Boeing's customers connect to Boeing's website, a communication link is established between host servers and the client computer.   Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of Boeing's website, client computers must agree to an encryption algorithm or protocol.   Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server.   Boeing provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. Boeing generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.   Boeing encrypts data for transmission from the host server to the client.   In addition, Boeing directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. Boeing generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as

alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link. Boeing decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer.  By virtue of performing each step of the claimed method, Defendant Boeing is directly infringing the '730 Patent.   In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant Boeing is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant Boeing is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

19.    Upon information and belief, Defendant Dow has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Dow websites (including, without limitation to, myaccount.dow.com) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when Dow and/or Dow's customers connect to Dow's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication

link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of Dow's website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. Dow provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. Dow generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  Dow encrypts data for transmission from the host server to the client.  In addition, Dow directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. Dow generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.

Dow decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant Dow is directly infringing the '730 Patent. In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant Dow is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant Dow is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

20.    Upon information and belief, Defendant PepsiCo has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various PepsiCo websites (including, without limitation to, sso.mypepsico.com) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when PepsiCo and/or PepsiCo's customers connect to PepsiCo's website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of PepsiCo's website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the

host server. PepsiCo provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. PepsiCo generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  PepsiCo encrypts data for transmission from the host server to the client.  In addition, PepsiCo directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. PepsiCo generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  PepsiCo decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant PepsiCo is directly infringing the '730 Patent. In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant

PepsiCo is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant PepsiCo is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

21.    Upon information and belief, Defendant Safeway has been and now is infringing the '730 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, methods practiced on various Safeway websites (including, without limitation to, rss.safeway.com) for transmitting data comprising a sequence of blocks in encrypted form over a communication link covered by one or more claims of the '730 Patent to the injury of TQP.  For example, when Safeway and/or Safeway' customers connect to Safeway' website, a communication link is established between host servers and the client computer. Data transmitted over this communication link comprises a sequence of blocks, and is transmitted as packets in a sequence over the communication link. Certain data transmissions (both from the client computer to the host server, and from the host server to the client computer) are encrypted according to the claimed method. In order to communicate with encrypted portions of Safeway' website, client computers must agree to an encryption algorithm or protocol.  Once that protocol is established by the host server, the client computer automatically implements the claimed encryption algorithm under the direction of the host server. Safeway provides, or directs the client computer to provide, a seed value for both the transmitter and receiver in a symmetric encryption algorithm, and uses the same key to encrypt and decrypt data. Safeway generates, or directs the client computer to generate, a first sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at the transmitter (whichever of the

host server or client computer is sending the encrypted information), each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link.  Safeway encrypts data for transmission from the host server to the client.  In addition, Safeway directs the client computer to encrypt data comprising information sent from the client to the host server before it is transmitted over the link. Safeway generates, or directs the client computer to generate, a second sequence of pseudo-random key values, such as alpha and/or numerical values used to encrypt data, based on said seed value at said transmitter, each new key value in said sequence being produced at a time dependent upon a predetermined characteristic of the data being transmitted over said link such that said first and second sequences are identical to one another, as is used in a symmetric algorithm, a new one of said key values in said first and second sequences being produced each time a predetermined number of said blocks are transmitted over said link.  Safeway decrypts data sent from the client in order to use the data, and directs the client computer to decrypt data transmitted from the host server in order to provide a useable display to, for example, a user of the client computer. By virtue of performing each step of the claimed method, Defendant Safeway is directly infringing the '730 Patent. In addition, by virtue of performing some steps and directing and/or controlling others to perform the remaining steps, Defendant Safeway is directly infringing, literally infringing, and/or infringing the '730 Patent under the doctrine of equivalents. Defendant Safeway is thus liable for infringement of the '730 Patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '730 Patent complied with any such requirements.

23.     To the extent that facts learned in discovery show that Defendants' infringement of the '730 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

24.     As a result of these Defendants' infringement of the '730 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

25.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '730 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '730 Patent, and that such infringement was willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '730 Patent, or such other equitable relief the Court determines is warranted;

3.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '730 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.      Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 9, 2011                        Respectfully submitted,

By: \s\ *Andrew W. Spangler*
Andrew Wesley Spangler
TX SB No. 24041960
Email: spangler@spanglerlawpc.com
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX 75601
Tel: (903) 753-9300
Fax: (903)-553-0403

Marc A. Fenster, CA SB No. 181067
Email: mfenster@raklaw.com
Kevin P. Burke, CA SB No. 241972
Email: kburke@raklaw.com
Adam S. Hoffman, CA SB No. 218740
Email: ahoffman@raklaw.com

Alexander C.D. Giza, CA SB No. 212327
Email: agiza@raklaw.com
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474
Fax: (310) 826-6991

Hao Ni, TX Bar No. 24047205
Email: hni@nilawfirm.com
Ni Law Firm, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Tel: (214) 800-2208
Fax: (214) 880-2209


**Attorneys for Plaintiff
TQP Development, LLC**