## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:11-cv-396-DF |
| | § | |
| CATERPILLAR INC., ET AL., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## CATERPILLAR INC.'S ANSWER AND COUNTERCLAIMS

Defendant Caterpillar Inc. ("Caterpillar") hereby files this Answer and Counterclaims to Plaintiff TQP Development's ("Plaintiff") Original Complaint ("Complaint"). With respect to the claims made by Plaintiff in its opening paragraph, Caterpillar admits that the pending action purports to be an action for patent infringement against the captioned defendants. To the extent Plaintiff makes any other claims in the opening paragraph, Caterpillar denies them.

## PARTIES

1. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1, and therefore denies the same.

2. Caterpillar admits that it is a Delaware corporation with a principal place of business located at 100 NE. Adams Street, Peoria, Illinois 61629. Caterpillar also admits that The Corporation Trust Company, located at 1209 Orange St., Wilmington DE 19801, is its agent for service of process. Caterpillar denies any other averments in Paragraph 2 of the Complaint.

3. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3, and therefore denies the same.

4.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4, and therefore denies the same.

5.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5, and therefore denies the same.

6.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6, and therefore denies the same.

7.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7, and therefore denies the same.

8.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8, and therefore denies the same.

9.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9, and therefore denies the same.

## JURISDICTION AND VENUE

10. Caterpillar admits the pending action purports to be an action for patent infringement under Title 35 of the United States Code.  Caterpillar admits that, pursuant to 28 U.S.C. §§ 1331 and 1338, federal district courts have subject matter jurisdiction over patent infringement actions.  Caterpillar denies any other averments in Paragraph 10 of the Complaint.

11. Caterpillar admits that it transacts business within the Eastern District of Texas. Caterpillar denies that venue is proper in this District and further denies that it has committed and/or induced acts of patent infringement in this district.  Caterpillar is without knowledge or information sufficient to form a belief as to the remainder of

Paragraph 11, and therefore denies any other averments in Paragraph 11 of the Complaint.

12. Caterpillar admits that this Court has personal jurisdiction over Caterpillar.  Caterpillar is without knowledge or information sufficient to form a belief as to the remainder averments in Paragraph 12, and therefore denies the same.

## [ALLEGED] INFRINGEMENT OF US PATENT NO. 5,412,730

13. Caterpillar admits that Exhibit A purports to be a true and correct copy of the US Patent No. 5,412,730 (the '730 patent) and that the referenced Exhibit A purports to have been issued on May 2, 1995.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13, and therefore denies the same.

14. Caterpillar denies that it has committed, or is presently committing any act of infringement with respect to the '730 patent, directly or indirectly by controlling others to perform the remaining steps, literally or under the doctrine of equivalents.  Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 14, and therefore denies the same.

15. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15, and therefore denies the same.

16. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16, and therefore denies the same.

17. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17, and therefore denies the same.

18. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18, and therefore denies the same.

19. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19, and therefore denies the same.

20. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20, and therefore denies the same.

21. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21, and therefore denies the same.

22. Caterpillar is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 22, and therefore denies the same.

23. No response from Caterpillar is requested or necessary for Paragraph 23.  To the extent a response is required, Caterpillar denies the averments of Paragraph 23.

24. Caterpillar denies the averments in Paragraph 24 of the Complaint.

25. Caterpillar denies the averments in Paragraph 25 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Caterpillar denies the underlying averments of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever, including all averments listed in Paragraphs 1-5 of Plaintiff's "Prayer for Relief."  Caterpillar therefore requests that the Court deny all relief to Plaintiff and enter judgment in favor of Caterpillar.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

No response from Caterpillar is requested or necessary for this paragraph.  To the extent a response is required, Caterpillar demands a jury trial.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Caterpillar denies any remaining allegations in the Plaintiff's Original Complaint that are directed to Caterpillar.

## AFFIRMATIVE DEFENSES

Caterpillar asserts the following Affirmative Defenses in response to Plaintiff's Complaint.  Caterpillar reserves the right to amend its response to add additional Affirmative Defenses as they become known throughout the course of discovery in this case.  Assertion of a defense is not a concession that Caterpillar has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE

**Failure to State a Claim**

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**Non-Infringement**

Caterpillar has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '730 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

### THIRD AFFIRMATIVE DEFENSE

**Invalidity**

The claims of the '730 patent are invalid and/or unenforceable because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

**Prosecution History Estoppel**

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent application resulting in the '730 patent and/or its related patents and applications before the United States Patent and Trademark Office.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

**Laches/Waiver/ Estoppel/Acquiescence/License**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, license, and/or estoppel.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

**Limitation on Damages**

Plaintiff's requested relief for any alleged infringement of the '730 patent is limited by 35 U.S.C. § 286.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

**Indirect Infringement**

Plaintiff's claims that Caterpillar indirectly infringes the '730 patent are barred, in whole or in part, because Caterpillar is not liable to Plaintiff for the allegedly infringing acts for any time periods during which Caterpillar did not know of the '730 patent and/or did not have the specific intent to cause infringement of the '730 patent and/or otherwise did not know that its actions would constitute indirect infringement.

EIGHTH AFFIRMATIVE DEFENSE

**Infringement Requires Multiple Actors**

To the extent that Plaintiff has properly plead an action for infringement of the '730 patent, use of the claimed invention requires multiple actors that are not under the control or direction of Caterpillar. Therefore, Plaintiff's claims of infringement fail under the doctrine of divided infringement.

NINTH AFFIRMATIVE DEFENSE

**No Costs for Invalid Claims**

Plaintiff's requested relief is barred or otherwise limited by 35 U.S.C. § 288.

TENTH AFFIRMATIVE DEFENSE

**Exhaustion**

Plaintiff's requested relief is barred or otherwise limited based on exhaustion, the first-sale doctrine, implied license, and restrictions on double recovery.

ELEVENTH AFFIRMATIVE DEFENSE

**No Injunction**

Plaintiff's claims for injunctive relief are barred because there exists adequate remedies at law and because Plaintiff's claims otherwise fail to meet the requirements for such relief.

TWELFTH AFFIRMATIVE DEFENSE

**Lack of Ownership**

Plaintiff has failed to establish ownership of the '730 Patent.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

**Lack of Standing**

Plaintiff does not have standing to bring suit for the alleged infringement of the '730 Patent.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

**28 U.S.C. § 1498(a)**

Plaintiff's remedies, if any, are limited under and constrained by 28 U.S.C. §1498(a).

**<u>CATERPILLAR'S COUNTERCLAIMS FOR DECLARATORY RELIEF</u>**

Caterpillar, for its counterclaims against Plaintiff, states and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

Caterpillar seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The following counterclaims seek a declaratory judgment of non-infringement, invalidity, and/or unenforceability of U.S. Patent No. 5,412,730, which has been asserted by Plaintiff in this action.  Further, Caterpillar also seeks a judgment that this case is exceptional and that Caterpillar be awarded its costs and expenses.

**<u>THE PARTIES</u>**

1. Caterpillar is a Delaware corporation with its principal place of business at 100 NE.
   Adams Street, Peoria, Illinois 61629.

2.  According to the Complaint, TQP Development, LLC is a Texas limited liability company having a principal place of business of 207C North Washington Street, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

4.  An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of the '730 patent.

5.  Plaintiff has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.  To the extent that this action remains in this District, venue is appropriate for Caterpillar's counterclaims because Plaintiff has consented to the propriety of venue by filing its claims for patent infringement in this Court.

## FIRST COUNTERCLAIM

## DECLARATION OF NON-INFRINGEMENT

7.  Based on Plaintiff's filing of this action, an actual controversy has arisen and now exists between the parties as to whether or not Caterpillar infringes or has infringed the '730 patent.

8.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, Caterpillar requests a declaration by the Court that it has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any

valid claim of the '730 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## SECOND COUNTERCLAIM

### DECLARATION OF INVALIDITY

9. Based on Plaintiff's filing of this action, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '730 patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., and Title 35 of the United States Code, Caterpillar requests a declaration by the Court that each claim of the '730 patent is invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM

### DECLARATION OF UNENFORCEABILITY

11. Based on Plaintiff's filing of this action, an actual controversy has arisen and now exists between the parties as to the enforceability of the '730 patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Caterpillar requests a declaration by the Court that the claims of the '730 patent are unenforceable.

## FOURTH COUNTERCLAIM

### EXCEPTIONAL CASE

13.  This is an exceptional case entitling Caterpillar to an award of its attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

Caterpillar hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Caterpillar prays that the Court enter judgment:

(1) dismissing the Complaint with prejudice, insofar as it relates to Caterpillar;

(2) declaring that Caterpillar does not infringe the claims of the '730 patent;

(3) declaring that the claims of the '730 patent are invalid and the '730 patent is void;

(4) declaring that the claims of the '730 patent are unenforceable;

(5) declaring that this is an exceptional case and awarding Caterpillar its reasonable costs and attorneys' fees;

(6) enjoining Plaintiff from litigating any action in any other court against Caterpillar or its customers for infringement of the '730 patent;

(7) declaring that Plaintiff take nothing by its Complaint; and

(8) granting such other and further relief to Caterpillar that this Court deems just and proper.

Dated: November 14, 2011           By: _____ /s/ Gregory J. Commins Jr. _____

                                   Robert G Abrams - LEAD ATTORNEY
                                   Gregory J. Commins, Jr.
                                   Phong Nguyen (TX Bar No. 24002690)
                                   Baker & Hostetler LLP
                                   Washington Square, Suite 1100
                                   1050 Connecticut Avenue, NW
                                   Washington, DC 20036-5304
                                   T: (202) 861-1536
                                   F:  (202) 861-1783
                                   rabrams@bakerlaw.com
                                   gcommins@bakerlaw.com
                                   pnguyen@bakerlaw.com

                                   Attorneys for Defendant, Caterpillar Inc.

## CERTIFICATE OF SERVICE

.I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of November, 2011, with a copy of **CATERPILLAR INC.'S ANSWER AND COUNTERCLAIMS** via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

    /s/ Gregory J. Commins Jr.
Gregory J. Commins Jr.